UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Timothy Salisbury,

                        Plaintiff,

                                                               Civil No. 09-1945 (RHK/LIB)

v.                                                              **ORDER**

Itasca County, Deputy Rob Johnson, and
Deputy A.J. Morse,

                        Defendants.

Having considered the parties' arguments on their Motions in Limine, for the reasons set forth below and for the reasons stated on the record at the September 30, 2010 hearing, **IT IS ORDERED** as follows:

      1.      Defendants' Motion in Limine to Exclude Expert Testimony of Anthony Bouza (Doc. No. 47) is **GRANTED IN PART**. Bouza will not be permitted to opine that the force used by the arresting officers was unreasonable, excessive, unwarranted, unjustified, etc. In addition, Bouza will not be permitted to testify about (a) the lawfulness of Plaintiff's arrest, (b) the lawfulness of Itasca County's use-of-force policies, or (c) the additional topics about which the Court expressed concerns at the hearing (such as the officers' so-called "personal animus"). In light of the Court's rulings, it is unclear whether Plaintiff will continue to proffer Bouza's recorded testimony. If he intends to do so, his counsel shall provide a copy thereof, redacted in accordance with the foregoing, to defense counsel on or before October 7, 2010. Any objections Defendants may have to the remaining portions of Bouza's testimony (if

offered) will be considered by the Court at trial;

2. Defendants' Motion in Limine to Exclude Expert Testimony of Dr. Dennis F. Scherer (Doc. No. 50) is **DENIED**. Although it is a close call, the Court concludes that Dr. Scherer's opinions are sufficiently reliable and helpful to the jury to be admitted under Federal Rule of Evidence 702 and Daubert v. Merrill Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993). Any challenge to the foundation for his opinions (which will be offered by recorded testimony) can be – and has been – explored on cross-examination;

3. Defendants' Motion for Permission to Introduce Exemplars at Trial (Doc. No. 56) is **GRANTED**. Defendants should contact the Duluth Clerk's Office to inquire about security procedures for bringing a Taser into the courthouse;

4. Plaintiff's Motion in Limine and Motion for Attorney Conducted Voir Dire (Doc. No. 61) is **DENIED AS MOOT**, as Plaintiff has filed an Amended Motion (discussed below) seeking the same relief;

5. Plaintiff's Amended Motion for Attorney Conducted Voir Dire and Motion in Limine (Doc. No. 70) is **GRANTED IN PART** and **DENIED IN PART** as follows. (a) The Motion is **DENIED** to the extent it seeks attorney conducted voir dire. (b) The Motion is **GRANTED** to the extent it seeks to exclude evidence of Plaintiff's other arrests and convictions, as the Court finds such evidence to be irrelevant to the claims in this case. (c) The Motion is **GRANTED** to the extent it seeks to preclude the introduction of evidence that was not available to the officers at the time of Plaintiff's arrest, as such evidence would not be relevant to Plaintiff's claims. See, e.g., Cole v.

Bone, 993 F.2d 1328, 1333 (8th Cir. 1993) ("In analyzing the reasonableness of [the officer's] decision to use . . . force, we examine the information that [the officer] possessed at the time of his decision [to use such force]."). At this juncture, however, it is not entirely clear what evidence falls into this category and what evidence does not. Accordingly, since the parties are more attuned to the evidence that will be presented at trial, they should tailor their presentations to conform to the Court's ruling. Either party may object at trial should evidence be offered that the party believes runs afoul of this ruling. Finally, if it becomes clear during trial that evidence excluded under paragraphs 5(b) or 5(c) is relevant to rebut assertions made during the opposing party's case in chief, the Court will consider permitting such evidence at that time; and

6. The Court **RESERVES** ruling on the parties' objections to each other's exhibits until they are offered at trial. However, the parties should seek to introduce only those exhibits conforming to the rulings set forth above.

Dated: October 1, 2010                    s/Richard H. Kyle
                                          RICHARD H. KYLE
                                          United States District Judge